[No. 3682.]

GIBSON V. BRAGG.

TAX TITLES—*Tax Sale—Effect.* A tax sale regular in all things, and the deed of the treasurer executed pursuant thereto, extinguishes existing titles and vests paramount title in the grantee.

*Appeal from Montrose District Court.* HON. SPRIGG SHACKLEFORD, Judge.

Mr. P. B. GODSMAN, Mr. JOHN F. MAIL, for appellant.

Mr. MILLARD FAIRLAMB, for appellee.

*Per Curiam.*

Appellee, as plaintiff below, brought his action under the code to quiet title to certain lands, and had judgment. Plaintiff deraigned his title from a tax deed issued to a remote grantee. So far as the abstract of record disclosed, the tax deed was fair on its face. Indeed, it is not assailed by appellant in his brief for any reason. The proof showed plaintiff in possession of the land. Defendant's title was predicated solely upon instruments of conveyance antedating the tax deed and sale. The tax deed appearing in all respects regular, in so far as we can determine from the abstract of record prepared by appellant, and our attention being called to no defects therein, either on its face, or in the proceedings leading up to it, extinguished defendant's prior title, and vested para-

mount title in the grantee named in the tax deed, from whom plaintiff deraigns his title, hence the trial court properly excluded the government patent and other muniments of title offered by defendant.

*Judgment Affirmed.*